UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | C.A.1:24-CR-78JJM |
| | : | |
| NORMAN CIPRIANO and | : | |
| PATRICK VIGNEAU, | : | |
| Defendants. | : | |

**ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Pursuant to Fed. R. Crim. P. 16(d), now pending before the Court is the Motion (ECF No. 45) of the United States for a Protective Order limiting the access of Defendants to discovery materials that contain PII ("personally identifiable information") by barring them from being provided with paper or electronic copies of such materials, but permitting them to review such material "in the physical presence of a member of the defense team," who is not required to be an attorney. ECF No. 45-1 at 6. Based on the Motion, the Court found that the government had established good cause pursuant to Fed. R. Crim. P. 16(d) for the issuance of a tailored protective order over materials that contain PII, as well as that a protective order requiring redactions to protect PII would pose a substantial burden resulting in significant delay so that what remained for consideration was whether an adjustment to the proposed order would mitigate the burden of such a protective order on Defendants. Text Order of Oct. 16, 2025. Defendants were directed to file objections/responses by October 21, 2025.

In response, Defendant Cipriano's objection acknowledges that the burden on the government of redaction would be staggering because of the volume of material to be provided in discovery but argues that the Court may simply issue an order barring Defendants from

disclosing or disseminating materials containing PII of victims, witnesses and other persons, which would be sufficient because there is no "reason to believe that the Defendant would not obey the Court's directive" and no "basis to conclude that the threat of contempt would not serve as a sufficient deterrent."  ECF No. 46 at 5.  Defendant Vigneau joins these arguments including that redaction would cause unacceptable delay, as well as collateral concerns about the extent of redaction.  Defendant Vigneau also asks the Court to consider that his defense team consists of a single attorney and to fashion relief that more equitably balances his interest and that of the government, preserving his ability to meaningfully prepare his defense.

"[I]t is not unusual in a criminal case to restrict the dissemination of confidential materials and prevent copies from being made and shared."  United States v. Farese, Crim No. 21-877 (KM), 2022 WL 788880, at *6 (D.N.J. Mar. 15, 2022); see, e.g., United States v. Padilla-Galarza, 990 F.3d 60, 77-78 (1st Cir. 2021) (district court's protective order "passes muster" where it barred defense counsel from leaving copies of cooperators' statements with the defendant – although counsel was at liberty to review contents of the statements with defendant); United States v. Weston, 25-cr-163, 25-cr-293, 2025 WL 1873388, at *1 (E.D.N.Y. July 8, 2025) (court may issue protective order restricting access by prohibiting defendant from retaining copies of "information that could lead to the identification of potential witnesses, information related to ongoing investigations, and information related to sensitive law enforcement techniques") (internal quotation marks omitted); United States v. Lopez, Case No. 1:20-CR-00241-NODJ-BAM, 2025 WL 972228, at *3 (E.D. Cal. Apr. 1, 2025) (ordering that defendants may review protected material but may never be left alone with it).  Indeed, if justified by good cause, courts have even found that barring defendants from reviewing information does not violate the Sixth Amendment.  Farese, 2022 WL 788880, at *3, 6.  Such limitations are found to

be appropriate for example when the discovery is voluminous and the defendant's history and characteristics permit the inference of a risk to the persons whose PII would be exposed. <u>United States v. Gendron</u>, 22-CR-109V(SR), 2023 WL 4530591, at *5 (W.D.N.Y. July 13, 2023) (finding good cause for protective order where case is complex with voluminous discovery and information to be disclosed includes "law enforcement sensitive materials, information obtained by the grand jury, and sensitive personally identifiable information"). Thus, limitations analogous to those requested by the government's Motion are commonly adopted by district courts in this Circuit in appropriate circumstances. <u>E.g.</u>, <u>United States v Velez</u>, Case No. 3:19-cr-30059-MGM, 2020 WL 4040730, at *8 (D. Mass. July 17, 2020) (protective order permitted defendant to review confidential information only in counsel's presence; defendant may not "'copy, keep, maintain or otherwise possess'" confidential information and confidential information will "never be 'left in [his] possession, custody, or control'"); <u>see also</u> <u>United States v. Pineda Diaz</u>, 25-cr-86MRD, ECF No. 37 ¶ 12. Indeed, what is unusual here is the inability of counsel to come to an agreement about the terms of the order. <u>See</u> <u>Weston</u>, 2025 WL 1873388, at *1. Further, in this case, the Court has already adopted analogous limitations in the protective orders applied to material found on telephones. <u>See</u> ECF Nos. 30/31 ¶ 3-4 ("The <u>attorneys of record and members of the defense team may display and review the discovery materials with the Defendant</u>. The attorneys of record and members of the defense team acknowledge that <u>providing copies of the discovery materials to the Defendant and other persons is prohibited</u>, and agree not to duplicate or provide copies of discovery materials to the Defendant and other person.") (emphasis added).

Turning to Defendants' history and characteristics, as to Defendant Cipriano, the Court has already found that his criminal history includes a federal conviction for trafficking in

counterfeit goods (similar to the conduct charged in the pending indictment), as well as state court findings of violations of court ordered conditions. More specifically, at the commencement of this case, the Court held an extended detention hearing resulting in release on very restrictive conditions; during a session of this hearing held on September 18, 2024, the Court specifically noted that Defendant Cipriano's history reflected a lifelong pattern of crimes with violations and noncompliance/disregard of court orders that supported the setting of such restrictive conditions. Therefore, as to Defendant Cipriano, the Court finds that the government has already established reason to believe he would not obey court orders so that the threat of contempt is not a sufficient deterrent to protect the PII contained in the discovery materials in this case. Based on these reasons, the Court overrules Defendant Cipriano's objection to the protective order.

As to Defendant Vigneau, his lengthy criminal history is dated in that it culminated in a 1998 conviction for which he was originally sentenced to 365 months of incarceration. The Court granted his motion for compassionate release on supervision in 2020. United States v. Vigneau, 97-cr-33-JJM, ECF No. 332. Thus, Defendant Vigneau was on supervision at the time of the instant offense; a supervised release violation petition is currently pending. Vigneau, 97-cr-33-JJM, ECF No. 341. However, Defendant Vigneau was released in both cases (the 1998 case and this case) on moderate conditions. Therefore, as to Defendant Vigneau, the Court is not yet prepared to find – without further proceedings – that the threat of contempt (perhaps coupled with other restrictions) is not a sufficient deterrent to protect the PII contained in the discovery materials in this case.

Based on the foregoing, the Court grants the government's Motion for Protective Order (ECF No. 45) as to Defendant Cipriano and, in the interest of efficiency, directs the Clerk to issue the Order as presented (ECF No. 45-1). As to Defendant Vigneau, the Court will conduct a

4

hearing to further consider whether there are other adjustments to the protective order as to him

that would more equitably balance the interests of the parties.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 22, 2025