UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NORMAN CIPRIANO and<br>PATRICK VIGNEAU,<br><br>Defendants. | Criminal No.: 1:24-cr-00078-JJM-PAS |

PROTECTIVE ORDER

The Court has read and considered the *Government's Motion for a Protective Order Regarding Materials Produced by the Government*, which this Court incorporates by reference into this order, and FOR GOOD CAUSE SHOWN the Court hereby FINDS AND ORDERS as follows:

1. There is good and sufficient cause to restrict the dissemination and handling of materials produced by the government in the above-captioned case.

2. This Protective Order covers all materials produced by government, including any materials produced by government pursuant to its discovery obligations and any materials that are produced by the government in excess of its discovery obligations. This Protective Order also covers any materials produced by the government prior to the date of the Protective Order.

3. The materials produced and/or to be produced by the government in this case, and the information contained therein, may only be used in connection with the litigation of this case[1] and for no other purpose. Within 30 days of either the date on which the litigation of

---

[1] Litigation of this case, as used in this Protective Order, includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255 or § 2241.

this case or on which counsel for the defendant withdraws as counsel, counsel for the defendant will either return to the government all materials produced by the government, and copies thereof, or certify that it has been shredded or otherwise destroyed.

4. The materials produced and/or to be produced by the government during the course of this case contain personal identifying information (PII) of and other sensitive information of real persons, including of alleged victims of and witnesses to the alleged offense conduct.[2] Although not exhaustive, examples of PII and sensitive information, as used in this Protective Order, include the following types of information.

    a. PII includes but is not limited to, names, dates of birth, addresses, phone numbers, email addresses, social security numbers, driver's license or state identification numbers, passport or visa numbers, bank account information, other account numbers, and other contact information of real persons.

    b. Sensitive information includes, but is not limited to, a witnesses' or victim's criminal history and/or prior contact with law enforcement and medical information.

5. All documents or materials produced by the government that contain PII and sensitive information are to be regarded as *Confidential Materials* covered by the terms of this Protective Order, Local Rule Gen 102, and Fed. R. Cr. P. 49.1. The nature of the information in the materials produced, not a designation, header, footer, or lack thereof as *Confidential Materials*, determines whether information is subject to the restrictions of this Protective Order. Accordingly, all materials containing *Confidential Materials* will be

---

[2] Examples of materials that may contain *Confidential Materials* include, but are not limited to investigative reports by law enforcement agencies, materials provided by alleged victims to law enforcement agencies, and audio / video recordings.

treated as set forth herein, regardless of whether the government has identified the material as such, in a header, footer, or other written designation.

6. Counsel for the defendant shall be responsible for advising the defendant and other members of the defense team of the contents of this Order. As used here in the "defense team" refers to

    a. defendant's counsel of record,

    b. other attorneys at defense counsel's law firm who may be consulted regarding case strategy in the above-captioned matter,

    c. defense investigators who are assisting defense counsel with this case,

    d. retained experts or potential experts, and

    e. paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case.

    The term "defense team" does not include defendant, his family members, or any other associates of defendant.

7. Defense counsel shall not provide or disclose physical or electronic copies of any *Confidential Materials* to any person, other than to a member of the defense team. If defense counsel releases provides copies of any *Confidential Materials* as authorized in this paragraph to members of the defense team, counsel shall provide all such recipients with copies of this Protective Order and advise that person that s/he is subject to the terms of the Protective Order, and that an unauthorized use, disclosure, or dissemination of the discovery may constitute a violation of law and/or contempt of court.

8. Defense counsel and members of the defense team are not permitted to provide copies – physical or electronic – or to provide access via remote/computer access – of any

*Confidential Materials* to the defendant.

9. Defense counsel and members of the defense team are permitted to disclose and discuss the *Confidential Materials* with their client, but defense counsel shall maintain custody and control of, and access to, the *Confidential Materials* at all times. Defendant may review *Confidential Materials* only in the physical presence of a member of the defense team, and his counsel of record shall ensure that defendant is never left alone with any discovery subject to the Protective Order. Defendant may see and review *Confidential Materials* in the physical presence of a member of the defense team, but defendant may not copy, record, photograph, keep, maintain, or otherwise possess any such *Confidential Materials* at any time. Defendant may not take any *Confidential Materials* out of the room in which s/he is meeting with the defense team. Defendant may not write down or memorialize any PII or sensitive information contained in the *Confidential Materials*. Defendant must return any *Confidential Materials* to the defense team at the conclusion of any meeting at which defendant is permitted to view *Confidential Materials*. At the conclusion of any meeting with defendant, the member of the defense team present shall take with him or her all *Confidential Materials*. At no time, under no circumstance, will any *Confidential Materials* be left in the possession, custody, or control of defendant, whether he is incarcerated or not.

10. Nothing in this Protective Order shall prevent defense counsel and members of the defense team from creating summaries or transcripts of the contents of materials produced by the government and providing any such summaries or transcripts to defendant. However, any such summaries or transcripts that are provided to the defendant shall not contain any *Confidential Materials*, or the PII or sensitive information contained therein.

11. To the extent that notes are made by the defense team that memorialize, in whole or in part, the *Confidential Materials*, or to the extent that copies are made for authorized use by members of the defense team, such notes, copies, or reproductions become *Confidential Materials*, respectively, subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

12. The defense team may discuss or show the contents of *Confidential Materials* to non-retained expert witnesses and potential witnesses, but may not provide copies – physical or electronic – of any *Confidential Materials* to any non-retained witnesses or potential witness. Further, if the defense team shows such materials to a non-retained witness or potential witness, that witness may not copy, record, photograph, keep, maintain, or otherwise possess any such *Confidential Materials* at any time; may not take any *Confidential Materials* out of the room in which s/he is meeting with the defense team; may not write down or memorialize any PII or sensitive information contained in the *Confidential Materials*; and must return any *Confidential Materials* to the defense team at the conclusion of any meeting at which the witness is permitted to view the *Confidential Materials*. At the conclusion of any meeting with such a witness, the member of the defense team present shall take with him or her all *Confidential Materials*. At no time, under no circumstance, will any *Confidential Materials* be left in the possession, custody, or control of such a witness, whether s/he is incarcerated or not.

13. Counsel for the defense will store *Confidential Materials* in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this Order.

14. In the event that the defendant obtains new or additional counsel, current counsel for defendant will withhold the *Confidential Materials* in discovery from new or additional

counsel unless and until the new or additional counsel agrees to be bound by this Protective Order.

15. Nothing in this Order precludes or prevents any party from using any discovery in furtherance of this case, including seeking to admit any of the documents as evidence at trial or in other hearings, or filing with the Court any documents in relation to any motion or other matter submitted to the Court. Nothing in this Order relieves the parties of their obligations to redact PII and sensitive information in materials filed or presented in Court in accordance with Fed. R. Cr. P. 49.1.

16. Nothing contained in the Protective Order will preclude any party from applying to the Court for further relief relating to discovery or for modification of any provision hereof. However, the parties shall meet and confer regarding any proposed modification to or disputes relating to the terms of this Protective Order, including but not limited to the determination of whether materials produced by the government are *Confidential Materials*, prior to the filing of any motion with the Court.

SO ORDERED:

/s/ Patricia A. Sullivan
_____
HON. PATRICIA A. SULLIVAN
U.S. MAGISTRATE JUDGE

DATE:   10/22/2025